UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

AURORA COMMERCIAL CORP., *et al.*,

                Liquidating Debtors.

---

TIA DANIELLE SMITH,

                Appellant,

            -v-

AURORA COMMERCIAL CORP., *et al.*,

                Appellees.

20-CV-710 (JPO)

MEMORANDUM OPINION
AND ORDER

---

J. PAUL OETKEN, District Judge:

This is an appeal from a decision by the bankruptcy court disallowing certain claims in the Chapter 11 bankruptcy proceeding involving Aurora Commercial Corp. ("ACC") and Aurora Loan Services LLC ("ALS") (together, "the Debtors"). The appellant, Tia Danielle Smith, contends that the bankruptcy court erred in disallowing her claims. For the reasons that follow, the bankruptcy court's decision is affirmed.

**I.     Background**

The Debtors filed their petitions under Chapter 11 of the Bankruptcy Code on March 24, 2019. The jointly administered case (Case No. 19-10843 in the United States Bankruptcy Court for the Southern District of New York) was assigned to Judge Shelley C. Chapman.

1

Smith filed two claims — Claim Numbers 20 and 29 — relating to a foreclosure of her property in California in 2011, at which time ALS was the servicer of her mortgage.

The dispute arising from the 2011 foreclosure has a lengthy history, including multiple lawsuits and appeals in the state courts of California. Rather than recite that history, the Court incorporates Judge Chapman's thorough description of the factual and legal background of the dispute. (*See* Dkt. No. 19-1 at 2-7.) In short: Before and after the 2011 foreclosure, Smith pursued litigation in various California state courts against ALS and other defendants, arguing on numerous grounds that they did not have the legal right to foreclose and violated her rights in doing so.

The Debtors filed an objection to Smith's claims, arguing, among other things, that the claims are barred by the doctrine of *res judicata* as a result of the California litigation. Smith filed a response and a supporting declaration, and the Debtors filed a reply. Judge Chapman conducted a hearing on October 23, 2019, during which the parties presented argument.

In an opinion and order dated January 2, 2020, Judge Chapman sustained the Debtors' objection, concluding that Smith's claims are indeed barred by *res judicata* and must be disallowed. (*See* Dkt. No. 19-1 at 12-18.) This appeal followed.

**II.     Discussion**

A bankruptcy court's conclusions of law are reviewed *de novo*, and its findings of fact are reviewed for clear error. *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000). For a mixed question of law and fact, the standard of review "depends . . . on whether answering it entails primarily legal or factual work." *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 967 (2018). A decision not to conduct an evidentiary hearing, or to deny discovery, is generally reviewed for abuse of discretion. *See*

*Gordon v. Tese-Milner (In re Gordon)*, 577 B.R. 38, 49 (S.D.N.Y. 2017); *In re MF Global Inc.*, 505 B.R. 623, 630-31 (S.D.N.Y. 2014).

For the reasons explained in the bankruptcy court's thorough and well-reasoned opinion, Smith's claims are plainly barred by the doctrine of *res judicata*. As Judge Chapman concluded:

> Here, it is crystal clear, based on the record of Ms. Smith's prior actions and applicable California law, that the Claims are barred by res judicata and the preclusive effect of the final judgment of the California court in *Smith I*. The Claims and *Smith I* involve the same primary right — the right to be free from unlawful foreclosure. Both ALS and Ms. Smith were parties to *Smith I*. The judgment in *Smith I* is a final judgment on the merits.
> Moreover, the conclusion that *Smith I* precludes Ms. Smith from bringing any further claims arising out of the foreclosure of the Property has already been decided in a second judgment that is also entitled to res judicata effect, *Smith II*. . . . The *Smith II* court was faced with a request that Ms. Smith be declared "the rightful owner of [the] Property" and claims "for cancellation of instrument, quiet title, conversion, and fraudulent conveyance." . . . These are the exact same claims that Ms. Smith asserts in her Claims here. As *Smith II* rightly (and preclusively) held, these claims are barred by the preclusive effect of *Smith I*.

Dkt. No. 19-1 at 15.

Smith attempts to reargue that *res judicata* does not preclude her claims, but her arguments are meritless. The bankruptcy court properly took judicial notice of the California state court decisions, which constituted an adjudication on the merits under California law. The claims adjudicated in the state courts are identical to the claims sought be to asserted in the bankruptcy court: Smith's claim to the property and the validity of the foreclosure.

Smith suggests that changed circumstances and new facts render the doctrine of *res judicata* inapplicable. But she does not allege any pertinent new facts or circumstances that even arguably undermine the conclusion that her claims are precluded as a matter of law.

Finally, Smith argues that the bankruptcy court violated her due process rights by denying her discovery and an evidentiary hearing. Again, however, Smith does not identify any disputed factual issues that would be relevant to the applicability of *res judicata* here. The

3

bankruptcy judge gave Smith ample opportunity to present her arguments and carefully considered those arguments. The bankrtupcy court did not abuse its discretion in declining to order discovery or to conduct an evidentiary hearing.

The Court has considered Smith's other arguments and finds them to be without merit.

### III.  Conclusion

For the foregoing reasons, the decision of the bankruptcy court disallowing and expunging Claim Numbers 20 and 29 filed by Appellant Smith is AFFIRMED.

The Clerk of Court is directed to close this matter.

SO ORDERED.

Dated: November 30, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge